## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**VINOL GLENN MORGAN,**

        **Petitioner,**

**v.**
                                       **Criminal Action No. 2:04cr100**
                                       **Civil Action No. 2:05cv342**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### ORDER and OPINION

On June 6, 2005, the petitioner, Vinol Glenn Morgan, filed a petition pursuant to Title 28, United States Code, Section 2255, to vacate, set aside or correct a sentence previously imposed accompanied by an application to proceed in forma pauperis.  The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). Although the petitioner divides his arguments into three claims in this petition, there are actually only two separate claims: (1) he received ineffective assistance of counsel based on his attorney's failure to object to drug weights; and (2) the court sentenced him based on an incorrect drug weight. Upon review of the records and files in this case, as well as this court's recollection of the guilty plea and sentencing proceedings involving the petitioner, the petition is **DENIED** and **DISMISSED** in its entirety.

## I.    Factual Background

On July 23, 2004, the petitioner pleaded guilty to one count of an indictment charging him with distribution of approximately 14.7 grams of a mixture and substance containing a detectable

amount of heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). On September 24, 2004, a presentence report was prepared in preparation for sentencing; neither party filed objections to the information contained in the PSR. On November 2, 2004, the court sentenced the petitioner to a term of thirty-six (36) months. The petitioner did not file an appeal with the United States Court of Appeals for the Fourth Circuit. The instant petition was filed on June 6, 2005. Because this petition does not require a response from the United States, this court has declined to order one. See R. Governing 2255 Proceedings in U.S. Dist. Cts. 4(b). As such, the petition is ripe for review.

## II. Discussion

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See Rule 8, Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63, 74, n.4, 97 S. Ct. 1621 (1977).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Additionally, the AEDPA implements a one-year limitations period applicable to the filing of section 2255 petitions. The

instant petition is not successive, and was filed within the one-year limitations period; therefore, the court will turn to the merits of the petition.

**A.      Ineffective Assistance of Counsel**

In his first claim, the petitioner argues that he received ineffective assistance of counsel based on his counsel's failure to object to the quantity of drugs attributed to the petitioner at sentencing. Specifically, the petitioner claims that his attorney should have alerted the court to the November 1, 1993 U.S. Sentencing Guidelines Manual Amendment 484, which amended Application Note One to section 2D1.1 of the guidelines. The applicable portion of Application Note One now reads:

> Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance. If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted.

U.S.S.G. § 2D1.1, Application Note 1.

In the instant case, the petitioner was attributed with a total of 49.7 grams of heroin based on approximately 627 heroin capsules seized from the petitioner on several different occasions. Because lab results show that the substance contained in the capsules ranged from only 19 to 23 percent pure heroin, the petitioner argues that he should not have been attributed with the entire weight of the mixture in the capsules. Thus, the petitioner believes that he received ineffective assistance of counsel because his attorney failed to object to the 49.7 gram amount.

The Sixth Amendment provides in relevant part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const., amend. VI.

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984).  To establish a claim for ineffective assistance of counsel, the defendant must prove both (1) that his attorney's conduct fell below an objective standard of reasonableness, and (2) that the attorney's deficient performance caused him prejudice. Id. at 687-91.  Prejudice is defined as "a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceedings would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance."  Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Perhaps most importantly, the burden of proof is on the petitioner. A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of his trial would have been different in the absence of his counsel's alleged errors. Furthermore, the court need not make a determination concerning the attorney's performance under the first prong of the Strickland test where it is clear that no prejudice would have resulted even if the attorney's representation had been deficient.  Id. at 697.

It is well established that "an attorney has a duty to adequately examine the law and facts relevant to the representation of his client: '[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations necessary.'"  United States v. Russell, 221 F.3d 615, 620 (4th Cir 2000) (quoting Strickland, 466 U.S. at 691).  The Fourth Circuit has held "[t]o succeed in his ineffective assistance of counsel claim, [a petitioner] must overcome the presumption that the challenged action may be considered an appropriate and necessary trial

strategy under the circumstances." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995) ("Standing alone, unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel."). A petitioner cannot later claim ineffective assistance of counsel simply because counsel's trial strategy did not work or he did not agree with it. See, e.g., Gustave v. United States, 627 F.2d 901, 904 (9th Cir. 1980); Coco v. United States, 569 F.2d 367, 371 (5th Cir. 1978); United States v. Hester, 489 F.2d 48, 50 (8th Cir. 1973); United States v. Duhart, 269 F.2d 113, 115 (2d Cir. 1959).

In this case, the petitioner argues that he received ineffective assistance of counsel because his counsel, Andrew Protogyrou, failed to object to the quantity of drugs attributed to the petitioner at sentencing. However, the petitioner's claim has no merit because he is unable to prove that his attorney's conduct fell below an objective standard of reasonableness. The petitioner is correct that Application Note One to section 2D1.1 of the guidelines states that for purposes of determining drug weights the phrase "[m]ixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G. § 2D1.1, Application Note 1. However, note (A) to the Drug Quantity Table set forth in section 2D1.1(c) states the general rule that, "[u]nless otherwise specified, the weight of a controlled substance set forth in the table refers to *the entire weight of any mixture or substance containing a detectable amount of the controlled substance*." U.S.S.G. § 2D1.1(c), n. (A). The petitioner ignores this general rule and misapplies Application Note One to the facts of his case.

Relying on Application Note One to section 2D1.1, the petitioner argues that the cutting agents contained in the capsules that he possessed should not be included in his overall drug weight. However, in making this argument, the petitioner misapplies this note and ignores the explanatory

language included in Application Note One. As stated above, the note states that a "[m]ixture or substance does not include materials that must be separated from the controlled substance *before the controlled substance can be used*." U.S.S.G. § 2D1.1, Application Note 1.  In the petitioner's case, the capsules that he possessed were already in a usable form; a person simply had to ingest the capsules in order to use the heroin. Furthermore, Application Note One includes the following examples of materials that should not be included in a calculation of drug weight:  "Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance." Id.  In all of these situations, the drugs cannot be used until they are separated from the other materials. However, the heroin capsules in the instant case were already in consumable form; thus, the heroin capsules do not fall under the exception described in Application Note One.

The petitioner cites one unpublished case, United States v. Wilson, 175 F.3d 1018 (4th Cir. 1999), to support his argument. In Wilson, the defendant claimed ineffective assistance of counsel based on his counsel's failure to object to drug weights. Id. at 2. At sentencing, the defendant was attributed with the total weight of a mixture of PCP and ether. Id. Based on Application Note One to section 2D1.1, the defendant argued that his sentence was incorrect because he was sentenced based on the total weight of the ether/PCP mixture. Id. The Fourth Circuit agreed with the defendant's argument and remanded the case to the district court to determine the actual amount of PCP contained in the mixture, and whether counsel's failure to object to the drug weight actually prejudiced the defendant. Id. at 3. The court of appeals based its holding on the fact that the ether in the mixture had to evaporate before the PCP could ever be used. Id. Specifically, cigarettes would be dipped into the ether/PCP mixture; the ether would then evaporate from the cigarette leaving only

the PCP to be ingested. Id. In other words, the PCP was not usable in its ether/PCP form; the ether served as a means of transportation only.

Unlike the PCP/ether mixture in Wilson, the heroin in this case was already in its usable form - heroin capsules. Nothing had to be done to the capsules before they could be ingested. Unlike the ether in Wilson, the other substances contained in the capsules in the instant case were simply cutting agents and could be consumed. As the Fourth Circuit has explained, "[d]rug traffickers chose their own medium", thus, "[a] system which punishes the choice to deal in illegal substances is not unfair solely because a factor in sentencing is the weight of the medium used to disguise the drug." United States v. Brown, 1994 U.S. App. LEXIS 18648 (4th Cir.) at 12 (upholding offense level based on drug weight that included the gross weight of Dilaudid tablets, a drug which is used illegally as a substitute for heroin). Thus, because Application Note One does not apply to the form of heroin attributed to the petitioner, Mr. Protogyrou's decision to refrain from objecting to drug weights did not fall below an objective standard of reasonableness.

Furthermore, even if the petitioner was able to show that Mr. Protogyrou's failure to object to drug weights did fall below an objective standard of reasonableness, the petitioner cannot show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Because Application Note One to section 2D1.1 does not apply to the petitioner's case, and the general rule is to count "the entire weight of any mixture or substance containing a detectable amount of the controlled substance", the petitioner cannot show that he would have been sentenced any differently had his counsel objected to drug weights. Even had counsel objected, sufficient evidence existed for this court to deny this objection and proceed with the drug quantity stated in the presentence report.  See United States v.

Sturgis, 48 F.3d 784, 789 (4th Cir. 1995); United States v. Gilliam, 987 F.2d 1009, 1014 (4th Cir. 1993).  Because petitioner has not shown that an objection to the drug weight created a "probability sufficient to undermine confidence in the outcome", the court finds that no prejudice occurred. Accordingly, the court finds that petitioner was not denied effective assistance of counsel.

Therefore, although petitioner alleges that his counsel committed an error by not objecting to drug weights, he fails to demonstrate that this error meets the Strickland standard.  Petitioner's defense counsel acted professionally and competently during the proceedings.  Moreover, even had he acted as petitioner claims he should have acted, the result of the proceedings would have been the same. Thus, the petitioner has demonstrated no facts by which this court might determine that he received ineffective assistance of counsel.  Accordingly, petitioner's claim of ineffective assistance of counsel is dismissed.

**B.    Drug Weights**

The petitioner's second and third claims, which this court addresses together, also attack the drug weight attributed to him at sentencing. In these two arguments, the petitioner is essentially making the exact same argument with regard to Application Note One of section 2D1.1. However, instead of couching his argument in a claim for ineffective assistance of counsel, he simply claims that the court erred in sentencing him based on the entire amount of the mixture contained in the heroin capsules. However, the petitioner did not raise this issue at his sentencing, and as part of his plea agreement, he waived the right to raise this issue on appeal.  Thus, he is procedurally barred from asserting it on collateral attack.

Procedural default is a doctrine that bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal.  United States v. Frady, 456 U.S.

8

152, 164-67, 102 S. Ct. 1584, 1593-94 (1981).  The doctrine applies even when, as in the instant case, the petitioner has waived his right to appeal as part of his plea agreement.  See United States v. Jones, 1995 U.S. App. LEXIS 13021 (4th Cir. 1995) (unpublished), citing United States v. Abarca, 985 F.2d 1012 (9th Cir.) (waiver of right to appeal in plea agreement waives right to challenge sentence collaterally), cert. denied, 113 S. Ct. 2980  (1993).

A collateral challenge is not intended to serve the same functions as an appeal and cannot be substituted for a direct appeal except in extraordinary circumstances.  Frady, 456 U.S. at 165.  If, as in this case, the defendant failed to appeal, he "must show cause and prejudice resulting from the errors...or he must demonstrate that a miscarriage of justice would result from refusal of the court to entertain the collateral attack."  United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), citing Frady, 456 U.S. at 167-68.  "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel."  Id., citing Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639 (1986).  "And in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id., citing Murray, 477 U.S. at 496.

The record reveals that the petitioner failed to challenge the drug weights at his sentencing. The court finds that he has not demonstrated cause excusing his procedural default or prejudice resulting from the error of which he complains.  See Frady, 456 U.S. at 167-168.  In conjunction with his guilty plea, the petitioner signed a Statement of Facts admitting to the 49.7 grams of heroin. Furthermore, no objections were filed to the presentence report by the petitioner.  At his sentencing, he informed this court that he had read the report and that it contained no errors and fully covered

his background.  Following the conclusion of argument, this court adopted the factual statements contained in the sentencing report as its findings of fact.  See id. at 1014.  Because the petitioner had the opportunity to offer evidence that the drug weights in the presentence report were incorrect, it was not error for the court to rely on the statement in finding that the petitioner should be attributed with 49.7 grams of heroin. Hence, the court finds that he has not demonstrated cause excusing his procedural default or prejudice resulting from the error of which he complains.  In addition, the petitioner has not demonstrated by clear and convincing evidence that he did not possess 49.7 grams of a mixture or substance containing a detectable amount of heroin, such that failure to consider the claim would result in a miscarriage of justice.  Therefore, the court, finding petitioner to be in procedural default, will not consider the merits of this claim.

However, even if the court did consider his claim, the petitioner's argument would fail for the same reasons stated above in part one of this opinion. The general rule is that a court must take into consideration the entire weight of any mixture or substance containing a detectable amount of the controlled substance, not simply the amount of the pure drug contained in the mixture. U.S.S.G. § 2D1.1(c), n. (A).  Thus, the entire amount of the heroin mixture should be attributed to the petitioner.  Hence, even if the petitioner had not procedurally defaulted, his claim has no merit.

III.    **Conclusion**

For the reasons stated above, the petitioner's Motion hereby is **DENIED** and **DISMISSED** in its entirety.  Moreover, the court **DENIES** the petitioner a certificate of appealability. In addition, because there is no filing fee associated with the filing of a petition under 28 U.S.C. § 2255, the petitioner's application to proceed in forma pauperis is **MOOT.**

The petitioner is **ADVISED** that he may appeal this denial of a certificate of appealability

by forwarding a written notice of appeal to the Clerk of the United States District Court, United

States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days from the date

of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United

States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street,

Norfolk, Virginia 23510.

**IT IS SO ORDERED**.


_____/s/_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE


Norfolk, Virginia
August 31st, 2005